# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA HOLMES | § | |
| | § | |
| **Plaintiff.** | § | |
| | § | |
| v. | § | **Civil No: 3:15-cv-02117-L** |
| | § | |
| NORTH TEXAS HEALTH CARE LAUNDRY | § | |
| COOPERATIVE ASSOCIATION, D/B/A | § | |
| NORTH TEXAS HEALTH CARE LAUNDRY | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff, Christina Holmes, hereby serves Plaintiff's Initial Disclosures.

### I.

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff lists as follows the name, address and telephone number of each individual likely to have discoverable information that Plaintiff may use to support her claims in this case and, for each person, identification of the subject matter of the information:

Christina Holmes
2351 Norwich Lane
Grand Prairie, Texas 75052
817.204.3829
Plaintiff in this lawsuit and former employee of NTHCL

Gary Dutchover
2351 Norwich Lane
Grand Prairie, Texas 75052
817.204.3829
Spouse of Plaintiff in this lawsuit

Robin Holmes
 2351 Norwich Lane
 Grand Prairie, Texas 75052
817.825.1440
Mother of Plaintiff in this lawsuit

David Hernandez
100 Edinburgh Court
Highland Village, Texas 75077
972.899.0169
General Manager at NTHCL's facility and harasser as alleged in complaint.

Mary Khan
1080 Post and Paddock Street
Grand Prairie, Texas 75050
469.916.1164
Human Resources at NTHCL and responsible for the actions of its employees

Custodian of Records
U.S. Equal Employment Opportunity Commission
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Custodian of Records for Charge of Discrimination filed by Plaintiff

Custodian of Records
Texas Workforce Commission Civil Rights Division
101 East 15th Street, Room 266
Austin, Texas 78778
Custodian of Records for Charge of Discrimination filed by Plaintiff

Custodian of Records
Texas Workforce Commission 101
East 15th Street, Room 266
Austin, Texas 78778
Custodian of Records for documents filed by Plaintiff

Susan Schlosser
4516 Boat Club Road
Lake Worth, Texas 76135
817.238.0106
Treating doctor/therapist for Plaintiff.

Amy Sigman
7777 Forrest Lane
Dallas, Texas 75230
972.566.7760
Treating doctor/therapist for Plaintiff.

Kelly Cunningham
731 E. Southlake Boulevard, Suite 100
Southlake, Texas 76092
817.912.8800
Treating doctor/therapist for Plaintiff.

Gary Kindley
3906 Lemmon Avenue, Suite 207
Dallas, Texas 75219
817.312.9919
Treating doctor/therapist for Plaintiff.

**II.**

Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff lists as follows documents, which it may use to support her claims in this case:

North Texas Health Care Laundry Cooperative Association Employee Handbook, Personnel File of Christina Holmes, E-mail Messages between Christina Holmes and David Hernandez (March 2014-May 2014), Statement of David Hernandez, and Documents recovered from Christina Holmes' company-issued cell phone. Plaintiff will supplement as additional documents come to her knowledge through discovery.

**III.**

Pursuant to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure, Plaintiff seeks lost past and future wages, lost past and future benefits, reimbursement for current and future medical costs, mental anguish, fees charged because Plaintiff has been unemployed, legal fees and attorney fees. Plaintiff was a salaried employee making $49,000 per year plus benefits which should be recoverable until she is able to again gain employment. Plaintiff has no way of predicting future medical costs. Plaintiff's further damages will be determined by a jury of her peers.

**IV.**

Pursuant to Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure, Plaintiff is aware that Defendant has an insurance agreement under which it may be liable to satisfy all or part of a

judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted,
ENGLISH LAW GROUP, P.L.L.C.
*/s/ Jay English*
State Bar No. 06625290
jenglish@englishpllc.com
7616 LBJ Freeway, Suite 401
Dallas, Texas 75251
214-528-4300 phone
972-733-1335 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via first class mail and email on March 23, 2016, to all counsel of record.

*/s/ Jay English*

# Exhibit 2

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF TEXAS DALLAS
DIVISION

| | | |
|---|---|---|
| CHRISTINA HOLMES, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL  ACTION  NO.  3:15- |
| CV-02117-L | | |
| | § | |
| NORTH TEXAS HEALTH CARE | § | |
| LAUNDRY COOPERATIVE ASSOCIATION, | § | |
| d/b/a NORTH TEXAS HEALTH CARE | § | |
| LAUNDRY | § | |
| | § | |
| *Defendant.* | § | |

### PLAINTIFF'S FIRST AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

TO: NTHCL, Defendant, by and through its attorney of record, Mr. Monte Hurst, 1445 Ross Ave., Suite 2400, Dallas, Texas 75202.

### INTERROGATORIES

INTERROGATORY NO. 1:
Please state the following for each person or company by whom you have been employed within the last 10 years:

    (a)     Name of person/company;
    (b)     Address of person/company;
    (c)     Telephone number of person/company;
    (d)     Position held;
    (e)     Rate of pay;
    (f)     Supervisor;
    (g)     Dates of employment; and
    (h)     Reason for leaving.

ANSWER:
North Texas Healthcare Laundry
1080 Post N. Paddock St.
Grand Prairie, Texas 75052
469-916-1150

Customer Service Representative
Supervisor: Willy Chavez and David Hernandez
July 2013 to May 2014 - $47,000 per year
Employment ended due to sexual harassment and rape by Plaintiff's manager, David Hernandez.

Sport Clips
1314 W. Pipeline Road
Hurst, Texas 76053
817-284-0503
Hair Stylist and Store Manager
Manager: Melinda Graywolf
2007 to June 2013 – Approximately $50,000 per year
Employment ended when Plaintiff sought employment with a more stable schedule and health insurance.

INTERROGATORY NO. 2:
Please state the name, address and telephone number of all doctors, psychologists, psychiatrists, counselors, therapists, and any and all medical care professionals that you have seen for a period of 10 years prior to the events on which this lawsuit is based and those you have seen subsequent to these events.

ANSWER:

Susan Schlosser
4516 Boat Club Road
Lake Worth, Texas 76135
817-238-0106

Amy Sigman
7777 Forrest Lane
Dallas, Texas 75230
972-566-7760

Kelly Cunningham
731 E. Southlake Boulevard, Suite 100
Southlake, Texas 76092
817-912-8800

Gary Kindley
3906 Lemmon Avenue, Suite 207
Dallas, Texas 75219
817-312-9919

INTERROGATORY NO. 3:
Please state the following for each marriage, if applicable:

      (a)     Date of marriage;
      (b)     Name of spouse;
      (c)     Name and age of each child from such marriage;
      (d)     Date of divorce; and
      (e)     County and state in which divorce was obtained.

ANSWER:    Plaintiff is common law married to Gary Dutchover, they have no children and have been living together since November 2006.

INTERROGATORY NO. 4:
Other than this lawsuit, please list the following for each lawsuit in which you are/were a party:

      (a)     Style of cause;
      (b)     Cause number;
      (c)     Court; and
      (d)     County and state in which lawsuit was filed.

ANSWER:   Plaintiff has not been a party to any other lawsuit.

INTERROGATORY NO. 5:
Please state your gross and net income for each of the last five years, and identify the source(s) of same.

ANSWER:
2015 – No income
2014 – Gross income: $19,723 – Net income: $17,371 – North Texas Healthcare Laundry
2013 – Gross Income: $50,081 – Net Income: $50,081 – NTHCL and Sport Clips
2012 – Gross Income: $54,847 – Net Income: $54,847 – Sport Clips
2011 – Gross Income: $44,233 – Net Income: $44,233 – Sport Clips

INTERROGATORY NO. 6:
Please list the following for each location where you have resided in the 10 years prior to your filing this lawsuit:

      (a)     Address; and
      (b)     Dates of residence.

ANSWER:

    2351 Norwich Lane, Grand Prairie, Texas 75052

<u>INTERROGATORY NO. 7</u>:
Please list the following for each criminal arrest and/or criminal charge against you:

     (a)     Style of case;
     (b)     Cause number;
     (c)     Court of jurisdiction;
     (d)     Description of criminal charges;
     (e)     Date of arrest; and
     (f)     Disposition.

<u>ANSWER</u>:  None.

<u>INTERROGATORY NO. 8</u>:
Please describe in detail and itemize all damages, if any, which you are seeking to recover in this lawsuit.

<u>ANSWER</u>: Plaintiff seeks lost past and future wages ($50,000 per year until able to return to work), lost past and future benefits, pain and suffering, mental anguish, reimbursement for current and future medical costs, fees charged because Plaintiff has been unemployed, legal fees, and attorney fees.

<u>INTERROGATORY NO. 9</u>:
Please describe in detail any and all communication that you have had with employees or former employees of North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or its affiliates relating to the subject matter of this lawsuit. Your answer shall include, but be not limited to, the dates of such communications, the persons involved in such communications, and the subject matters of such communications.

<u>ANSWER</u>:   Plaintiff only spoke about this matter with Phil and Mary about the facts giving rise to this complaint before obtaining legal counsel.  Plaintiff does not recall date, time, or specifics of the conversation.  Plaintiff does not recall discussing this matter with any current or former employees of NTHCL.  Plaintiff was not one to share details of the case at hand with other co-workers.

INTERROGATORY NO. 10:

Please provide the following for any investigation relevant to this matter (this Interrogatory does not seek to discover information exempt from discovery by the work-product privilege and/or the attorney-client privilege):

    (a)    Identify the person or entity making the investigation; and

    (b)    Identify and describe all documents, reports, notes and/or tangible evidence collected or prepared in connection with or as a result of the investigation.

ANSWER:     Plaintiff has not had anyone investigate this matter other than her attorneys, the EEOC, and the TWC-CRD.

INTERROGATORY NO. 11:

Please describe by category and location all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings.

ANSWER:   None other than those produced by Defendant in discovery.

INTERROGATORY NO. 12:

Please state with particularity each and every fact that you would contend support(s) your allegation that, in September 2013, David Hernandez "started making sexual advances toward [Christina] Holmes," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:     Plaintiff refers Defendant to the emails and texts between Ms. Holmes and Mr. Hernandez attached to Plaintiff's First Amended Responses to Defendant's Requests for Production.  Exact dates, times and locations are not recalled.

INTERROGATORY NO. 13:
   Please state with particularity each and every fact that you would contend support(s) your allegation that "[i]t was well known to [Christina] Holmes and other employees of [North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry] that [David] Hernandez used his power as general manager to seduce female employees to have sex with him," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:    Ms. Holmes was told that Mr. Hernandez had a relationship with someone known as Kim at the workplace by other coworkers at NTHCL, specifically Dan Shoemake.  Exact dates, times and locations are not recalled.

INTERROGATORY NO. 14:
   Please state with particularity each and every fact that you would contend support(s) your allegation that David Hernandez "used his charm and manipulative behaviors to pressure [Christina] Holmes into a sexual relationship with him," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:    From Plaintiff's Original Complaint:

   "Mr. Hernandez would complement Ms. Holmes by saying things like "you're hot", "you're beautiful", and "I wanna do you".  Ms. Holmes would make every effort to laugh it off and try to avoid the many unwanted advances.

   Ms. Holmes had confided the details of her sexual assault to Mr. Hernandez.  Mr. Hernandez took this information about her prior sexual assault and used it to manipulate Ms. Holmes.  Ms. Holmes continued to tell Mr. Hernandez no to all of his advances.

   In March 2014 Ms. Holmes eventually succumbed to the increasing pressure and started a sexual relationship with Mr. Hernandez.  The authority and power that Mr. Hernandez held over Ms. Holmes as her General Manager made for a less-than-consensual relationship."

INTERROGATORY NO. 15:

Please state with particularity each and every fact that you would contend support(s) your allegation that Christina Holmes "continued to tell [David] Hernandez no to all of his advances," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:    Ms. Holmes continued to tell Mr. Hernandez "no" to all of his advances because she did not want to be physically assaulted by Mr. Hernandez.  Although Plaintiff does not recall the exact date, time, and/or location of the times she said no, she is personally well aware that it did in fact happen.  Most of the actual acts occurred in the office or during work related road trips.

INTERROGATORY NO. 16:

Please state with particularity each and every fact that you would contend support(s) your allegation that David Hernandez "even went so far as to make up his own stories of having been sexually assaulted so as to get [Christina] Holmes to engage in a sexual relationship with him," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:    It is Plaintiff's beliefs that David Hernandez had not ever been sexually assaulted, but rather the story was fabricated to endear himself to the Plaintiff.  Exact dates, times and locations are not recalled.

INTERROGATORY NO. 17:

Please state with particularity each and every fact that you would contend support(s) your allegation that Christina Holmes "was very scared of [David] Hernandez and what he may do having just been sexually assaulted by him the day before," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:    Ms. Holmes was scared because she believed that Mr. Hernandez could physically assault her again, so she did not know how to trust what was being told to her. Although Plaintiff does not recall the exact date, time, and/or location of the times she felt scared, she is personally well aware that she did in fact become scared of Mr. Hernandez. Many of the times she was scared occurred in the office or during work related road trips.

INTERROGATORY NO. 18:

Please explain why, and how, the relationship between Christina Holmes and David Hernandez ended, and circumstances surrounding the end of the relationship. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:     Plaintiff states that she had been out shopping for a wedding dress, when she came home Mr. Dutchover seemed sad. When Plaintiff enquired as to the sadness, he acknowledged knowing the details made basis of this lawsuit. At this point, Mr. Dutchover contacted Mr. Hernandez and Phil disclosing his knowledge of the situation. Exact dates, times and locations are not recalled.

INTERROGATORY NO. 19:

Please state with particularity each and every fact that you would contend support(s) your allegation that North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry, or any individual or entity related thereto, knew or should have known that David Hernandez was a "sexual predator," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:     Plaintiff states that in prior instances at NTHCL, if a relationship was suspected by NTHCL, it would conduct an investigation. Policy dictated that this would be how it would be handled. In this instance, NTHCL did not step in and did not conduct an investigation until it was contacted by Mr. Dutchover. Exact dates, times and locations are not recalled.

INTERROGATORY NO. 20:

Please state with particularity each and every fact that you would contend support(s) your allegation that, as a result of the actions of David Hernandez, Christina Holmes "is again suffering from the trauma of her sexual assault from her childhood and has been clinically diagnosed with Post Traumatic Stress Disorder," and her "psychotherapist believes that she will now need two to three years of intense psychotherapy to help heal her emotional scars, build self-esteem, develop healthy boundaries in relationships, and bring healing to her current relationship with her husband," all as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:     Because of the manipulation and objectification from Mr. Hernandez, old wounds were opened. Plaintiff has been told as much by professional counselors. Exact dates, times, and locations are not recalled but should be reflected in records.

INTERROGATORY NO. 21:

Please state with particularity each and every fact that you would contend support(s)

your allegation that Christina Holmes was "constructively discharged" from her employment, as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:  Plaintiff was never notified about any investigations or remedial measures until after her damage was suffered.  By then, it was too late for Plaintiff to overcome her anxiety, depression and panic attacks to go to work in the same place she was raped.

INTERROGATORY NO. 22:
Please state with particularity each and every fact that you would contend support(s) your allegation that Christina Holmes was "continually exposed to a sexually hostile work environment that included sexually graphic comments by co-workers and supervisors, and the posting of sexually suggestive material throughout [North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry's] facility," as alleged in Plaintiff's Original Complaint. Your answer shall include, but be not limited to, the date, time and exact location of any such occurrence, each individual present during such an occurrence, and any conversation before, during or after any such occurrence.

ANSWER:     Plaintiff states that she was subjected to inappropriate sexual comments by many of the employees at NTHCL specifically, Dan Shoemake, David Hernandez, and Elaina Steal.  Exact dates, times and locations are not recalled.

INTERROGATORY NO. 23:
Please describe in detail any and all complaints you made to North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or an affiliate of the cooperative regarding David Hernandez. Your answer shall include, but be not limited to, the date of each such communication, the persons involved in such communication, and the subject matter of such communication.

ANSWER:     Plaintiff states that she did not complain other than to Phil and Mary because she was never made to believe that any legitimate action would ever occur. Additionally, Plaintiff feared additional retaliation by NTHCL.

INTERROGATORY NO. 24:
    Please describe in detail any and all efforts you made to obtain gainful employment after your separation from North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry. Your answer shall include, but be not limited to, the dates of such efforts, identification of the persons with whom you spoke in your efforts, descriptions of any communication pertaining to your efforts, and descriptions of all documents pertaining to your efforts.

ANSWER:    Plaintiff's attempts to work are limited to trying to work in a hair salon. Because of Defendant's certain actions and lack of certain actions, when Plaintiff is near people or strangers, her anxiety and stress soar causing her to be unable to work. Exact dates, times and locations are not recalled.

INTERROGATORY NO. 25:
    Please state the date on which you first hired an attorney to represent you in this matter, and identify each attorney who has represented you in this matter.

ANSWER:    Plaintiff retained her attorneys on May 13, 2014. Plaintiff has not sought nor been represented by any attorney other than those employed by English Law Group, PLLC.

Respectfully submitted,

*/s/ Jay C. English*
J. Scott Perry
State Bar No. 15802500
sperry@englishpllc.com
Jay C. English
State Bar No. 06625290
jenglish@englishpllc.com
English Law Group, P.L.L.C.
7616 LBJ Freeway, Suite 401
Dallas, Texas 75251

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via first class mail and email on March 23, 2016, to all counsel of record.

*/s/ Jay English*

STATE OF TEXAS

COUNTY OF Tarrant

## VERIFICATION

I, Christina Holmes, make and file these answers to interrogatories, with the reservations, qualifications and objections set out herein. Each answer is true and correct to the best of my knowledge, but I reserve the right to amend or supplement any answer in the event that other information becomes available to me.

SIGNED this 23 day of March , 2016.



Christina Holmes

BEFORE ME, the undersigned authority, on this day personally appeared Christina Holmes, who by me being duly sworn on her oath deposed and said that she is the Defendant, duly qualified and authorized in all respects to make this affidavit; that she has read the above and foregoing interrogatories and that every statement contained in the answers is true and correct to the best of her knowledge.

Subscribed and sworn to before me on the 23rd day of March , 2016, to certify which witness my hand and seal of office.

NORA SOLORZANO
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-07-17

NOTARY PUBLIC, STATE OF TEXAS

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA HOLMES, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-02117-L |
| | § | |
| NORTH TEXAS HEALTH CARE | § | |
| LAUNDRY COOPERATIVE ASSOCIATION, | § | |
| d/b/a NORTH TEXAS HEALTH CARE | § | |
| LAUNDRY | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED RESPONSES TO DEFENDANT'S
## FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

TO:    NTHCL, Defendant, by and through its attorney of record, Mr. Monte Hurst, 1445
Ross Ave., Suite 2400, Dallas, Texas 75202.

## REQUESTS FOR PRODUCTION

<u>REQUEST NO. 1</u>:
Please produce any and all reports, data, calculations, handwritten notes or other tangible evidence
and documents reviewed, relied upon, prepared by and/or at the direction of or for the use of any
expert that you intend to call at the trial of this cause, whether by live testimony or by deposition. If
a report has not been prepared, then a request is hereby made that a report be prepared and produced.

<u>RESPONSE</u>:   Documents responsive to this request are attached.

<u>REQUEST NO. 2</u>:
Please produce any and all documents, investigation reports, notes, simulations, recreations,
calculations or analysis, concerning any incident relevant to this lawsuit made or prepared by any
person or entity who has done any investigations relating to the occurrences in question, including,
but not limited to, any governmental or private entities. This request is not seeking production of
documents prepared in anticipation of litigation and whose work product has *not* been reviewed in
whole or in part, by any testifying expert.

<u>RESPONSE</u>:   Documents responsive to this request are attached.

1

REQUEST NO. 3:
Please produce all documents prepared by or at the direction of any person who may testify in this lawsuit as an expert witness, including but not limited to records, notes, memoranda, charts, reports, studies or exhibits.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 4:
Please produce all documents reviewed by or relied upon by an expert witness who you have hired, consulted, or contacted to testify as an expert witness.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 5:
Please produce all documents relating to, referring to, or regarding documents reviewed or relied upon by an expert witness who has been hired, consulted, or contacted by you to testify as an expert witness.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 6:
Please produce any audio recordings which relate in any way to the subject matter of this lawsuit.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 7:
Please produce any video which relates in any way to the subject matter of this lawsuit.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 8:
Please produce any photographs or pictures which relates in any way to the subject matter of this lawsuit.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 9:
Please produce any newspaper or magazine articles, television video or any other media coverage that related in any way to the subject matter of this lawsuit.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 10:
Please produce any correspondence, memoranda and/or other transcribed documentation between

2

North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry and any other party, entity or individual, including but not limited to you, regarding this lawsuit.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 11:
Please produce any statements made by North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or any agent, attorney, representative or employee of North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry, including but not limited to you, as such statement may pertain to this litigation.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 12:
Please produce any statements made by you or any of your agents, attorneys, representatives and/or employees as it may pertain to this litigation.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 13:
Please produce all documents relating to, referencing or regarding communications with North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or any agent, representative, personnel or employee of North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 14:
Please produce all documents relating to, referencing or regarding other lawsuits to which you have been a party.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 15:
Please produce all documents indicating, reflecting, memorializing, or constituting any settlement agreement of any kind (whether oral, written or otherwise) made by you, on behalf of you or any other person regarding any of the claims or causes of action concerning the events in question.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 16:
Please produce any and all photographs, charts or exhibits that you intend to use at the trial of this matter.

3

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 17:
Please provide a copy of any indemnity agreement between any party to this case and non-party that is relevant to the events made the basis of this suit.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 18:
Please provide copies of any and all criminal convictions that you intend to use at the trial to impeach any witness.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 19:
Please produce any and all documents, income statements, expenses, statements, bills and/or invoices which reflect in any way damages you are seeking to recover in this lawsuit.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 20:
Please produce any and all documents exchanged between you and the U.S. Equal Employment Opportunity Commission.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 21:
Please produce any and all documents exchanged between you and the Texas Workforce Commission.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 22:
Please produce any and all documents exchanged between you and the Texas Workforce Commission Civil Rights Division.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 23:
Please produce your retainer agreement with English Law Group.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 24:

4

Please produce all documents obtained by you by subpoena or by deposition upon written questions in this lawsuit.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 25:
Please produce all documents identified in your answers to Defendant's First Set of Interrogatories to Plaintiff.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 26:
Please produce any and all documents evidencing your efforts to obtain gainful employment from your last day of work at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry to the present, including, but not limited to, employment applications, résumés submitted, cover letters, offer letters, and rejection letters.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 27:
Please produce any and all documents evidencing your employment from your last day of work at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry to the present, including, but not limited to, paystubs, company correspondence and memoranda, company handbook and policy manuals, and company benefits.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 28:
Please produce any and all documents that you would contend support(s) your allegation that, in September 2013, David Hernandez "started making sexual advances towards [Christina] Holmes," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 29:
Please produce any and all documents that you would contend support(s) your allegation that, in September 2013, David Hernandez "made [Willy] Chavez's management of [Christina] Holmes very difficult so that she would have to come to Mr. Hernandez more frequently for guidance," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 30:
Please produce any and all documents that you would contend support(s) your allegation that "[i]n her day-to-day work, [Christina] Holmes was forced to have to work very closely with [David]

Hernandez," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 31:
Please produce any and all documents that you would contend support(s) your allegation that [i]t
was well known to [Christina] Holmes and other employees of [North Texas Health Care Laundry
Cooperative d/b/a North Texas Health Care Laundry] that [David] Hernandez used his power as
general manager to seduce female employees to have sex with him," as alleged in Plaintiff's Original
Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 32:
Please produce any and all documents that you would contend support(s) your allegation that
"[o]ffice knowledge was that [David] Hernandez had a sexual relationship with another Customer
Service Representative, Ms. Anonymous (name omitted for privacy of third party, referred to herein
as "Ms. Anonymous")," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 33:
Please produce any and all documents that you would contend support(s) your allegation that, prior
to the commencement of a physical relationship between Christina Holmes and David
Hernandez, Mr. Hernandez would complement Ms. Holmes by saying things like 'you're hot',
'you're beautiful', and 'I wanna do you'," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 34:
Please produce any and all documents pertaining to Christina Holmes' subjugation to sexual assault
by her uncle, including counseling and therapy at the age of 14 (referenced in Plaintiff's Original
Complaint), and before and after the age of 14.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 35:
Please produce any and all documents that you would contend support(s) your allegation that David
Hernandez "used his charm and manipulative behaviors to pressure [Christina] Holmes into a sexual
relationship with him," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 36:
Please produce any and all documents that you would contend support(s) your allegation that David
Hernandez "took this information about [Christina Holmes'] prior sexual assault and used it to

6

manipulate Ms. Holmes," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 37:
Please produce any and all documents that you would contend support(s) your allegation that Christina Holmes "continued to tell [David] Hernandez no to all of his advances," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 38:
Please produce any and all documents that you would contend support(s) your allegation that David Hernandez "even went so far as to make up his own stories of having been sexually assaulted so as to get [Christina] Holmes to engage in a sexual relationship with him," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 39:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and David Hernandez pertaining to their relationship, including but not limited to their comments about sexual experiences together.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 40:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and David Hernandez discussing when and where they would meet, including but not limited to invitations to meet and responses thereto.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 41:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and David Hernandez discussing, mentioning or referring to Gary Dutchover.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 42:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing, mentioning or referring to David Hernandez.

7

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 43:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing or pertaining to the physical relationship between Ms. Holmes and David Hernandez.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 44:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing or pertaining to the status of their relationship in light of Mr. Dutchover's learning of the physical relationship between Ms. Holmes and David Hernandez.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 45:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing or relating to the possibility of Ms. Holmes initiating legal action against David Hernandez and/or North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 46:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing or relating to Ms. Holmes continuing to work for North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 47:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing, mentioning, referring to, or relating to any electronic devices used by Ms. Holmes during her employment at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

8

REQUEST NO. 48:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing, mentioning, referring to, or relating to the damage to any electronic devices used by Ms. Holmes during her employment at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry, including the cause of the damage.

RESPONSE:  After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 49:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Gary Dutchover discussing, mentioning, referring to, or relating to Mr. Dutchover's reactions to learning of the physical relationship between Ms. Holmes and David Hernandez, including but not limited to Mr. Dutchover's temper tantrums, Mr. Dutchover's threatening to kill Mr. Hernandez, Mr. Dutchover's insistence on confronting Mr. Hernandez, and Mr. Dutchover's destruction of property (including damaging any electronic devices used by Ms. Holmes during her employment at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry).

RESPONSE:  After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 50:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and David Hernandez discussing, mentioning or referring to Robin Brinkley Holmes.

RESPONSE:  Documents responsive to this request are attached.

REQUEST NO. 51:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes pertaining to David Hernandez.

RESPONSE:  After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 52:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes pertaining to North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or any individual or entity affiliated with the cooperative.

RESPONSE:  After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 53:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes discussing or pertaining to the physical relationship between Ms. Holmes and David Hernandez.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 54:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes discussing or pertaining to the status of the  relationship  between  Ms.  Holmes  and Gary Dutchover in light of Mr.  Dutchover's learning of the physical relationship between Ms. Holmes and David Hernandez.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 55:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes discussing or relating to the possibility of Ms.  Holmes initiating legal action against David Hernandez and/or North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 56:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes discussing or relating to Ms. Holmes continuing to work for North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 57:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes discussing, mentioning, referring to, or relating to any electronic devices used by Ms. Holmes during her employment at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

10

REQUEST NO. 58:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes discussing, mentioning, referring to, or relating to the damage to any electronic devices used by Ms. Holmes during her employment at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry, including the cause of the damage.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.
.
REQUEST NO. 59:
Please produce any and all correspondence, e-mail, text, instant message and/or any other form of written or electronic communication between Christina Holmes and Robin Brinkley Holmes discussing, mentioning, referring to, or relating to Gary Dutchover's reaction to learning of the physical relationship between Ms. Holmes and David Hernandez, including but not limited to Mr. Dutchover's temper tantrums, Mr.  Dutchover's threatening to kill Mr.  Hernandez,  Mr. Dutchover's insistence on confronting Mr. Hernandez, Mr. Dutchover's destruction of property (including damaging any electronic devices used by Ms. Holmes during  her employment at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry).

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 60:
Please produce any and all documents that you would contend support(s) your allegation that any of the sexual affairs between Christina Holmes and David Hernandez was not consensual.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 61:
Please produce any and all documents that you would contend support(s) your allegation that any of the sexual affairs between Christina Holmes and David Hernandez was an act  of rape or sexual assault.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 62:
Please produce any and all documents that you would contend support(s) your allegation that David Hernandez's conduct toward Christina Holmes constituted sexual harassment.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 63:
Please produce any and all documents that you would contend support(s) your allegation that Christina Holmes regarded any of the sexual affairs between her and David Hernandez as not consensual.

11

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 64:
Please produce any and all documents that you would contend support(s) your allegation that Christina Holmes regarded any of the sexual affairs between her and David Hernandez as an act of rape or sexual assault.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 65:
Please produce any and all documents that you would contend support(s) your allegation that Christina Holmes regarded David Hernandez's conduct toward her as sexual harassment.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 66:
Please produce any and all documents pertaining to Christina Holmes' complaining to or discussing with anyone, at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or any individual or entity associated with the cooperative, regarding  David Hernandez, including but not limited to sexual harassment, sexual assault, rape, or inappropriate behavior.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 67:
Please produce any and all documents pertaining to the investigation of the private investigator hired by Gary Dutchover, including but not limited to all materials produced by the private investigator, all materials submitted to the private investigator, audio recordings, video recordings, pictures, photographs and electronic media.

RESPONSE:   After a diligent search and reasonable inquiry, Plaintiff has no such documents in her possession, custody, or control.

REQUEST NO. 68:
Please produce any and all documents pertaining to Christina Holmes seeking, obtaining and/or discussing medical care, counseling or therapy prior to the cessation of her physical relationship with David Hernandez and during the relationship with Mr. Hernandez, including but not limited to relating to her having been sexually assaulted by her uncle and relating to her relationship with Gary Dutchover. This Request would certainly include medical/doctor/therapist/counselor records.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 69:
Please produce any and all documents pertaining to Christina Holmes seeking, obtaining and/or discussing medical care, counseling or therapy after the cessation of her physical relationship with David Hernandez, including but not limited to relating to Mr. Hernandez and relating to Gary Dutchover. This Request would certainly include medical/doctor/therapist/counselor records. This

12

Request would certainly include treatment for conditions Ms. Holmes were caused by Mr. Hernandez.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 70:
Please produce any and all documents pertaining to the termination of the physical relationship between Christina Holmes and David Hernandez, including the reason(s) for termination of the relationship and who made the decision to terminate the relationship.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 71:
Please produce any and all documents that you would contend support(s) your allegation North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry knew or should have known that David Hernandez was a "sexual predator," as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 72:
Please produce any and all documents showing or even suggesting that North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or any company affiliated with the cooperative knew or should have known that David Hernandez acted inappropriately toward any employee, including Christina Holmes.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 73:
Please produce any and all documents showing or even suggesting that North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or any entity affiliated with the cooperative received a complaint about David Hernandez's conduct in the workplace.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 74:
Please produce any and all documents showing or even suggesting that North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry or any entity affiliated with the cooperative would tolerate or not take seriously sexual harassment, sexual assault or rape.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 75:
Please produce any and all documents that you would contend support(s) your allegation North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry "did nothing to stop the sexual harassment of David Hernandez," as alleged in Plaintiff's Original Complaint.

13

RESPONSE: Documents responsive to this request are attached.

REQUEST NO. 76:
Please produce any and all documents that you would contend support(s) your allegation that Christina Holmes was exposed to a sexually hostile work environment at North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry, including "sexually graphic comments by co-workers and supervisors, and the posting of sexually suggestive material throughout [the] facility," all as alleged in Plaintiff's Original Petition.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 77:
Please produce any and all documents that you would contend support(s) your allegation that Christina Holmes was constructively discharged from North Texas Health Care Laundry Cooperative d/b/a North Texas Health Care Laundry, as alleged in Plaintiff's Original Complaint.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 78:
Please produce all documents that you would contend support(s) your allegation that you have suffered lost wages and loss of employment benefits as a result of the allegations in this lawsuit.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 79:
Please produce all documents that you would contend support(s) your allegation that you have incurred expenses for medical care and/or therapy as a result of the allegations in this lawsuit.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 80:
Please produce all documents that you would contend support(s) your allegation that you have suffered mental anguish as a result of the allegations in this lawsuit.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 81:
Please produce all documents that you would contend support(s) your allegation that you continue to suffer mental anguish as a result of the allegations in this lawsuit.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 82:
Please provide copies of the front and back of your driver's license.

14

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 83:
Please produce any and all federal income tax returns filed by you from 2005 to current.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 84:
Please produce any and all Forms W-2 filed by you from 2005 to current.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 85:
Please execute the attached Form 4506 (Request for Copy of Transcript of Tax Form).

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 86
Attached is an authorization for the release of medical records pertaining to Christina Holmes. Please sign the authorization and return it with your responses.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 87:
Attached is an authorization for the release of your employment records pertaining to Christina Holmes.  Please sign the authorization and return it with your responses.

RESPONSE: Documents responsive to this request are attached.

REQUEST NO. 88:
Attached is an authorization for the release of your unemployment benefits file from the Texas Workforce Commission.  Please sign the authorization and return it with your responses.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 89:
Please produce a copy of your résumé.

RESPONSE:   Documents responsive to this request are attached.

REQUEST NO. 90:
Please produce all documents identified in Plaintiff's Initial Disclosures.

RESPONSE:   Documents responsive to this request are attached.

15

Respectfully submitted,
ENGLISH LAW GROUP, P.L.L.C.
*/s/ Jay English*
State Bar No. 06625290
jenglish@englishpllc.com
7616 LBJ Freeway, Suite 401
Dallas, Texas 75251
214-528-4300 phone
972-733-1335 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via first class mail and email on March 23, 2016, to all counsel of record.

*/s/ Jay English*

16