IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTINA HOLMES,                    §
                                     §
            Plaintiff,               §
                                     §
V.                                   §          No. 3:15-cv-2117-L
                                     §
NORTH TEXAS HEALTH CARE              §
LAUNDRY COOPERATIVE                  §
ASSOCIATION d/b/a NORTH TEXAS        §
HEALTH CARE LAUNDRY,                 §
                                     §
            Defendant.               §

## MEMORANDUM OPINION AND ORDER

Defendant North Texas Health Care Laundry Cooperative Association d/b/a North Texas Health Care Laundry ("Defendant") has filed a Motion to Compel Discovery Responses (the "MTC"), requesting that the Court enter an order requiring Plaintiff Christina Holmes ("Plaintiff") to fully comply with her initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A); overruling Plaintiff's improper objections contained in her answers and responses to Defendant's First Set of Interrogatories to Plaintiff and First Set of Requests for Production to Plaintiff; requiring Plaintiff to provide complete responses to all of Defendant's interrogatories; requiring Plaintiff to produce all documents responsive to Defendant's requests for production; and requiring Plaintiff to indicate clearly in her responses to Defendant's First Set of Requests for Production if no responsive documents exist with respect to any particular request for production. *See* Dkt. No. 14.

-1-

United States District Judge Sam A. Lindsay referred the MTC to the undersigned United States magistrate judge for determination. *See* Dkt. No. 16.

Plaintiff filed a response, *see* Dkt. No. 22; Defendant filed a reply, *see* Dkt. No. 28; and the Court heard oral argument on the MTC on April 6, 2016, *see* Dkt. No. 29.

For the reasons and to the extent explained below, the Court GRANTS Defendant's Motion to Compel Discovery Responses [Dkt. No. 14].

## Background

Plaintiff Christina Holmes sued her former employer, Defendant North Texas Health Care Laundry, for workplace sexual harassment and sex discrimination. *See* Dkt. No. 1. On October 19, 2015, Defendant served its First Set of Interrogatories to Plaintiff and First Set of Requests for Production to Plaintiff. Plaintiff responded to these discovery requests on November 18, 2015 and provided her Rule 26(a)(1) initial disclosures at the same time. *See* Dkt. No. 15.

In its MTC, Defendant contends that Plaintiff has failed to correct multiple, significant deficiencies in her initial disclosures, her interrogatory answers, and her responses to requests for production. *See* Dkt. No. 14. Specifically, Defendant contends that the Court should order Plaintiff to comply fully with her initial disclosure obligations under Rule 26(a)(1)(A) by including in the initial disclosures (1) the subjects of the information possessed by each individual identified as being likely to have discoverable information, and (2) a computation of each category of damages claimed by Plaintiff. *See id.* at 2-3. As to Plaintiff's interrogatory answers, Defendant asserts that Plaintiff's improper boilerplate objections should be overruled; that Plaintiff's

attempt to qualify her interrogatory answers as being "subject to" her objections is improperly confusing; that Plaintiff should be required to provide substantive answers to Defendant's interrogatories instead of simply referring Defendant back to Plaintiff's Complaint and Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination; and that certain of Plaintiff's interrogatory answers – specifically, Interrogatory Nos. 9, 13, and 25 – are incomplete and therefore deficient in other respects. *See id.* at 3-9. As to Plaintiff's responses to Defendant's requests for production, Defendant argues that Plaintiff's "general" objections are ineffective and must be overruled; that Plaintiff's refusal to state whether, and to what extent, documents exist is improper; and that certain of Plaintiff's responses to requests for production – specifically, Request for Production Nos. 9, 23, and 25 – are also deficient for reasons other than her improper use of "general" objections and her refusal to state clearly whether any responsive documents exist. *See id.* at 9-12. Defendant also requests an award of its reasonable expenses in making its MTC pursuant to Federal Rule of Civil Procedure 37(a)(5). *See id.* at 12-13.

In response, Plaintiff contends that she was attempting to work with Defendant to satisfy its discovery requests and was drafting amended interrogatory responses when served with the MTC; that she has produced all relevant documents in her possession, custody, or control, responded to Defendant's interrogatories, and made initial disclosures; and that, nevertheless, in the interest of collegiality, Plaintiff was willing to cooperate and was attempting to cooperate with Defendant to amend her discovery responses to satisfy Defendant's demands. *See* Dkt. No. 22 at 1-2. Plaintiff

explains that, as of the date of her response to the MTC, Plaintiff has amended her discovery responses, withdrawing all objections contained in her interrogatory responses and responses to requests for production, and providing fuller responses to the same, and that, additionally, Plaintiff has amended her initial disclosures to address criticisms counsel for Defendant expressed. *See id.* at 2. But Plaintiff contends, however, that an award of attorneys' fees would not be proper. *See id.*

In reply, Defendant contends that, although Plaintiff has now corrected a number of the issues raised in Defendant's MTC, such as withdrawing all of the objections that she had previously asserted in response to Defendant's interrogatories and requests for production, there remain deficiencies with respect to Plaintiff's discovery responses. *See* Dkt. No. 28 at 2.

Specifically, Defendant asserts that Plaintiff's First Amended Initial Disclosures do not correct the deficiencies identified in Defendant's MTC, where the amended disclosures still do not set forth "the subjects of [the discoverable] information" with respect to the individuals listed as those being likely to have discoverable information pursuant to Rule 26(a)(1)(A) and still do not provide computations with respect to most of Plaintiff's claimed categories of damages. *See id.* at 2-3.

Defendant further contends that, although Plaintiff withdrew all of her objections to Defendant's interrogatories in Plaintiff's First Amended Responses to Defendant's First Set of Interrogatories to Plaintiff and removed all of her explicit references back to her Complaint/EEOC Charge, a number of her amended answers to specific interrogatories remain incomplete. *See id.* at 3. Defendant explains that, in

its MTC, it identified Plaintiff's answers to Interrogatory Nos. 14, 17, 19, 20, 22, and 23 as lacking substance, and Defendant asserts that Plaintiff's amended answers to these interrogatories continue to lack the requested substance. *See id.* at 3-5. And Defendant explains that it argued in its MTC that Plaintiff's answers to Interrogatory Nos. 9 and 13 were deficient, and Defendant argues that her amended answers to these interrogatories continue to be incomplete. *See id.* at 5.

As to Plaintiff's responses to Defendant's requests for production, Defendant explains that, although Plaintiff withdrew her "general" objections to Defendant's requests for production, and, at least with respect to some requests, now specifically states that she has no responsive documents, Plaintiff's amended responses remain confusing. *See id.* at 6. Defendant notes that, when Plaintiff does purport to have documents responsive to a particular request, she merely states: "Documents responsive to this request are attached" and in no way identifies which documents being produced are responsive to any particular request, leaving Defendant to guess what documents go with which requests. *See id.*

And Defendant explains that, in its MTC, it identified the problem with Plaintiff's response to Request for Production No. 9, which seeks production of "any newspaper or magazine articles, television video or any other media coverage that related in any way to the subject matter of the this lawsuit." According to Defendant, in her amended response, Plaintiff indicated that responsive documents were being attached but produced only two pages from articles having nothing whatsoever to do with her or Defendant or her allegations in the lawsuit. *See id.*

Finally, Defendant argues that Plaintiff's assertion that she was attempting to work with Defendant is simply unsupported by the facts, where it was only after Defendant filed its MTC that Plaintiff began to take Defendant's numerous complaints seriously after having ignored them for months, and that, as such, Defendant is entitled to an award of attorneys' fees for having to bring its MTC. *See id.* at 2, 6-7.

At oral argument, Defendant's counsel reported that Plaintiff has further supplemented her disclosures, interrogatory answers, and responses to the requests for production since the time that she responded to the MTC and that these amended disclosures, answers, and responses fully address several – but not all – of the remaining issued discussed in Defendant's reply.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel disclosures and discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* FED. R. CIV. P. 37(a)(3)(B)(iii)-(iv). And Rule 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(3)(A). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). And, in response to an interrogatory under Rule 33, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath"; "[t]he grounds for objecting to an interrogatory must be stated with specificity"; and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(3)-(4). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if

he does not, he waives the objection. *See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

Federal Rules of Civil Procedure Rules 26(b), 26(c), and 34(b) have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

And, as amended, Rule 26(c)(1) authorizes protective orders, for good cause shown, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information

not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." FED. R. CIV. P. 26(c)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, to Defendant's MTC is both just and practicable.

Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel or resist a motion for protective order, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Rule 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i)

consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to – in order to prevail on a motion for protective order or successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or

discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Rule 37(a)(5)(B)-(C) further provide in pertinent part that, "[i]f the motion is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

## Analysis

I.    <u>Plaintiff's Initial Disclosures</u>

Rule 26(a)(1) requires that, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" and "(iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents

or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(i), (iii).

At oral argument, Defendant's counsel reported that Plaintiff's second supplemental disclosures – served after Defendant filed its reply – fully address the issue regarding computation of several categories of damages but still do not include the required identification of the subjects of discoverable information that Mary Khan and the four listed treating doctors/therapists are each likely to have. Plaintiff's counsel agreed that he could provide this additional information, and Plaintiff is ORDERED to do so in supplemental disclosures to be served by **April 8, 2016**.

II.   <u>Plaintiff's Answers to Interrogatory Nos. 9, 13, 14, 17, 19, 20, 22, and 23</u>

At oral argument, Defendant's counsel reported that Plaintiff's second amended answers Defendant's interrogatories – served after Defendant filed its reply – sufficiently address the issues raised in Defendant's reply as to Plaintiff's amended answers to Interrogatory Nos. 13 and 19. But Defendant's counsel still seeks additional information that is not provided by Plaintiff's amended answers to Interrogatory Nos. 9, 14, 17, 20, 22, and 23.

As the United States Court of Appeals for the Fifth Circuit has observed, "[d]iscovery by interrogatory requires candor in responding.... The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616-17 (5th Cir. 1977). Where an interrogatory answer "'as a whole disclose[s] a conscientious

-13-

endeavor to understand the question[] and to answer fully [that question],'" a party's obligation under Rule 33 is satisfied. *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. A-11-cv-542-LY, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2177 (3d ed. 2010)). Plaintiff is not required to make an extensive investigation in responding to an interrogatory, but she must pull together a verified answer by reviewing all sources of responsive information reasonably available to her and providing the responsive, relevant facts reasonably available to her. *See* 8B WRIGHT, MILLER & MARCUS, FED. PRAC. & PROC. § 2174 (3d ed. 2013).

At oral argument, Defendant's counsel explained what information is missing from Plaintiff's amended answers to Interrogatory Nos. 9, 14, 17, 20, 22, and 23, and Plaintiff's counsel stated that this is information that he communicate with his client to obtain.

Specifically, Plaintiff is ORDERED to serve amended answers by **April 8, 2016** that provide additional information that fully answers Interrogatory Nos. 9, 14, 17, 20, 22, and 23, including:

- a more specific time frame of the conversation(s) at issue in Interrogatory No. 9;

- a statement with particularity of all facts (including the specific information requested by the second sentence of the interrogatory) supporting the allegations at issue in Interrogatory Nos. 9 and 17 or, if appropriate, a specific

statement that Plaintiff has no additional factual information that she can recall to provide in response;

- additional information to explain the statement in the amended answer to Interrogatory No. 17 that "she did not know how to trust what was being told to her";

- a more specific time frame of the conversation(s) referenced in the amended answer to Interrogatory No. 20 and more specific information as to the records to which Plaintiff's amended answer refers;

- a statement with particularity of all facts (including the specific information requested by the second sentence of the interrogatory) supporting the allegations at issue in Interrogatory No. 22, including regarding "'the posting of sexually suggestive material throughout [North Texas Health Care Laundry Cooperative Association d/b/a North Texas Health Care Laundry's] facility'"; and

- a more specific time frame of the conversation(s) referenced in the amended answer to Interrogatory No. 23, and additional information to explain and support the statement in the amended answer to Interrogatory No. 23 that "she was never made to believe that any legitimate action would ever occur."

With regard to Interrogatory No. 20, Plaintiff is permitted to respond to interrogatories by producing documents – so long as "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing [the] party's business records (including electronically stored information), and [so long as] the burden of deriving or ascertaining the answer will be substantially the same for

either party." FED. R. CIV. P. 33(d). But, in doing so, Plaintiff must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and, if necessary, "giv[e] the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." *Id.* Thus, Plaintiff must specify the information that Defendants should review in sufficient detail to enable Defendants to locate and identify the information in the documents as readily as Plaintiff could.

III.    <u>Plaintiff's Identification of Responsive Documents</u>

Federal Rule of Civil Procedure 34(b)(2)(E) provides that, "[u]nless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information [("ESI")]: (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and (iii) A party need not produce the same electronically stored information in more than one form." FED. R. CIV. P. 34(b)(2)(E). The Court has concluded "that, where Rule 34(b)(2)(E)(i) addresses the organization of a production and Rule 34(b)(2)(E)(ii) specifically addresses the form for producing ESI (where form of production is inherently not an issue with hard-copy documents), and in light of the purposes of the 2006 amendments to Rule 34 and of Rule 34(b)(2)(E)(i)'s requirements, Rules 34(b)(2)(E)(i) and

34(b)(2)(E)(ii) should both apply to ESI productions." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 98603, at *10 (N.D. Tex. Jan. 8, 2016).

At oral argument, Defendant's counsel reported that Plaintiff's second amended responses to Defendant's requests for production sufficiently address the issues raised in Defendant's reply.

IV.   <u>Plaintiff's Response to Request for Production No. 9</u>

Defendant's Request for Production No. 9 seeks production of "any newspaper or magazine articles, television video or any other media coverage that related in any way to the subject matter of the this lawsuit." Dkt. No. 22-1 at 20 of 34. Plaintiff's amended response states that "[d]ocuments responsive to this request are attached." *Id.* Defendant complains in reply that Plaintiff produced only two pages from articles having nothing whatsoever to do with her or Defendant or her allegations in the lawsuit. *See* Dkt. No. 28 at 6. Defendant asserts that "it is unclear if these pages were attached in error and/or if any responsive documents actually exist with respect to Request No. 9" and that Plaintiff "should be required to clarify her [amended response] to Request No. 9 and/or produce any documents that are actually responsive to such Request." Dkt. No. 14 at 11.

At oral argument, Defendant's counsel reported that Plaintiff's second amended responses to Request for Production No. 9 sufficiently address the issues raised in Defendant's reply.

V.      Rule 37(a)(5) Award of Expenses.

As noted above, Rule 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Plaintiff asserts that Defendant's counsel did not confer with Plaintiff's counsel before filing the MTC, where sending an e-mail and then refusing to discuss the matter over the telephone when the offer is made is the definition of not conferring. And Plaintiff contends that, even if the Court finds that an award of attorneys' fees is appropriate for the party making the motion, no such fees should be awarded to cover the expense of the hearing, since Defendant will have plenty of time to withdraw the MTC and obviate the need for a hearing after Plaintiff has voluntarily complied with all of Defendant's requests.

Plaintiff also contends that Defendant's MTC is defective in that it does not comply with the requirement of Northern District of Texas Local Civil Rule 7.1(c), where the MTC is not accompanied by a proposed order.

Taking the second argument first, the Court does not condone failures to comply with the local rules. But a failure to submit a proposed order is not a circumstance that in the present context would make an award of expenses under Rule 37(a)(5) unjust.

As to the first argument, Defendant replies that Plaintiff's response fails to consider that Defendant raised the same issues that it raised in its MTC back in December 2015, over three months before it filed its MTC, and that Plaintiff had every opportunity to confer regarding the issues raised but chose to ignore Defendant's complaints until after Defendant filed the Motion. *See* Dkt. No. 28 at 6-7. Defendant contends that, even on the day that the MTC was filed, if Plaintiff was already drafting amended interrogatory responses when served with the MTC, her counsel could have informed Defendant's counsel, in writing, that all objections were being withdrawn. *See id.* at 7. But, Defendant reports, there was no such communication, or any other communication specifically addressing any of the issues raised in the MTC, which issues had previously been brought to Plaintiff's attention in Defendant's counsel's December 1, 2015 and February 24, 2016 letters. *See id.*

The Court determines, based on the record before it and after hearing additional argument from counsel at the April 6, 2016 oral argument, that Defendant attempted in good faith to obtain the discovery at issue in its MTC without court action before filing. Further, as Defendant notes in reply, Plaintiff's withdrawing her objections before they could be overruled by the Court and correcting some of the deficiencies with her discovery responses without having to be ordered to do so by the Court does not automatically render an award of expenses under Rule 37(a)(5) inappropriate. Further,

the Court finds that Plaintiff has not established that her nondisclosure, responses, or objections at issue – prior to serving her amended disclosure, responses, and answers only after Defendant filed its MTC – were "substantially justified" or that other circumstances make an award of expenses under Rule 37(a)(5) unjust.

Accordingly, the Court ORDERS that, pursuant to Rule 37(a)(5), counsel for Plaintiff Christina Holmes is required to pay Defendant North Texas Health Care Laundry Cooperative Association d/b/a North Texas Health Care Laundry its reasonable attorneys' fees and costs incurred in making its Motion to Compel Discovery Responses [Dkt. No. 14], including specifically its reasonable attorneys' fees and costs incurred in drafting and filing the motion and the reply in support, reviewing Plaintiff's response to the motion, and preparing for and attending the April 6, 2016 oral argument. But this award does not include any attorneys' fees or costs that Defendant incurred prior to the deadline for Plaintiff to serve objections and responses, including in connection with Defendant's counsel's preparing and propounding the discovery requests at issue.

Northern District of Texas Local Civil Rule 7.1 requires that parties confer before filing an application for attorneys' fees. Plaintiff's counsel and Defendant's counsel are therefore directed to meet face-to-face and confer about the reasonable amount of these attorneys' fees and costs to be awarded under Rule 37(a)(5)(A).

This face-to-face requirement is not satisfied by a telephonic conference. Any attorney refusing to appear for this meeting or to confer as directed will be subject to sanctions.

By no later than **April 22, 2016**, the parties must file a joint status report notifying the Court of the results of the conference. If all disputed issues as to the amount of attorneys' fees and costs to be awarded to Defendant have been resolved, Defendant's counsel must also send an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov by **April 22, 2016**.

If the parties do not reach an agreement as to the amount of attorneys' fees and costs to be awarded to Defendant, Defendant must, by no later than **April 29, 2016**, file an application for attorneys' fees and costs that is accompanied by supporting evidence establishing the amount of the reasonable attorneys' fees and costs (as described above) to be awarded under Rules 37(a)(5). The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and detailed billing records, and citations to relevant authorities and shall set forth the itemized number of hours expended in connection with the recoverable attorneys' fees described above as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorney's fees under Rule 37).

If an application is filed, Plaintiff may file a response by **May 20, 2016**, and Defendant may file a reply by **June 3, 2016**.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS Defendant's Motion to Compel Discovery Responses [Dkt. No. 14].

SO ORDERED.

-21-

DATED: April 6, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE