IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTINA HOLMES,                  §
                                   §
        Plaintiff,                 §
                                   §
V.                                 §          No. 3:15-cv-2117-L
                                   §
NORTH TEXAS HEALTH CARE            §
LAUNDRY COOPERATIVE                §
ASSOCIATION d/b/a NORTH TEXAS      §
HEALTH CARE LAUNDRY,               §
                                   §
        Defendant.                 §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christina Holmes ("Plaintiff") has filed a Motion to Terminate Deposition of Plaintiff. *See* Dkt. No. 40. She requests that the Court to enter an order terminating her deposition pursuant to Federal Rule of Civil Procedure 30(d)(3)(A) on the ground that it is being conducted in bad faith and in a manner that unreasonably annoys, embarrasses, or oppresses the deponent, where Defendant North Texas Health Care Laundry Cooperative Association d/b/a North Texas Health Care Laundry ("Defendant") has deposed her for more than eight hours in two sessions on separate days and is now insisting that the deposition continue for a third day despite the 1-day, 7-hour limit that Federal Rule of Civil Procedure 30(d)(1) imposes. Plaintiff also seeks her attorneys' fees and costs in bringing the motion pursuant to Federal Rules of Civil Procedure 30(d)(3)(C) and 37(a)(5).

-1-

United States District Judge Sam A. Lindsay referred the motion to the undersigned United States magistrate judge for determination. *See* Dkt. No. 41.

Defendant filed a response, *see* Dkt. No. 46, and Plaintiff filed a reply, *see* Dkt. No. 48.

For the reasons explained below, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Terminate Deposition of Plaintiff [Dkt. No. 40].

## Background

Plaintiff Christina Holmes sued her former employer, Defendant North Texas Health Care Laundry, for workplace sexual harassment and sex discrimination. *See* Dkt. No. 1.

In her motion, Plaintiff explains that she has attempted to work with Defendant to resolve this matter, offering to stay late on the first day of the deposition on March 16, 2016, consenting to a second day of deposition, and offering to stay late on the second day, on April 12, 2016, but that Defendant is refusing to move forward with mediation according to the Court's schedule until after Plaintiff has submitted to what Plaintiff describes as an endless and oppressive deposition.

Defendant responds that the total time on the record during the two days of Plaintiff's deposition is 8 hours and 7 minutes; that, although this total is greater than the 7-hour default maximum under Rule 30(d)(1), it does not represent the total time spent questioning Plaintiff because it includes time spent in a telephonic hearing with the undersigned magistrate judge to address improper instructions of Plaintiff's counsel to Plaintiff not to answer questions being posed and the time spent throughout

the deposition on allegedly improper instructions by Plaintiff's counsel prior to the hearing with the undersigned; and that the total time on the record includes numerous instances of Plaintiff asking that a question be repeated or read back by the court reporter as well as multiple responses by Plaintiff to which Defendant's counsel objected as being nonresponsive and repeated sidebar comments, speaking objections, and instructions by Plaintiff's counsel to Plaintiff about how she should respond to Defendant's questions, many of which resulted in extensive colloquies between the attorneys.

According to Defendant, that conduct served to impede, delay, and frustrate the fair examination of Plaintiff in violation of Federal Rule of Civil Procedure 30(d)(2). Defendant contends that, perhaps in recognition of this fact, Plaintiff's counsel stated on the record during the first day of Plaintiff's deposition: "[L]et me tell you, if you feel like you need more time, you can have all the time you want to."

Defendant therefore asserts that Plaintiff has no basis to complain that the total time spent on the record during her two days of deposition exceeds the seven hours allowed under Rule 30(d)(1) and should not be heard to complain about the inability to conclude her deposition in one day or even two days. Defendant explains that Plaintiff's lawyer chose to take numerous breaks throughout the day on April 12, 2016 (in addition to the parties' lunch break), one of which was taken only approximately 30 minutes after the deposition had begun, and one of which lasted for 1 hour, and that Plaintiff cites to no authority that would suggest Defendant was required to continue to depose Plaintiff well into the evening hours simply because she chose to commence

the deposition at 10:00 a.m. and then chose to take numerous breaks throughout the day.

Defendant contends that, under Rule 30(d)(1), it requires additional time to "fairly examine" Plaintiff in this case, for the reasons set forth above and also due the volume of documents in this case and their relevance to Plaintiff's allegations. According to Defendant, Plaintiff asserts in her complaint that she was "subjected to unwelcome sexual advances, requests for sexual favors, sexual assault, sexually abusive or vulgar language or other conduct which unreasonably interfered with her work performance or otherwise created a hostile or offensive work environment," and, thus, the issue of whether the conduct of which Holmes complains was "unwelcome" is key and, in fact, outcome-determinative of her claims. Defendant contends that voluminous email correspondence with her alleged harasser, David Hernandez, is highly relevant to the issue of whether Mr. Hernandez's conduct toward Plaintiff was unwelcome by her and that, even if Defendant took only two minutes per each email message to question Holmes about what she wrote, that would require over 11 hours of questioning. Defendant reports that, although it has been able to ask Plaintiff questions about some of her email messages with Mr. Hernandez, there are numerous email messages about which Defendant has not yet had the opportunity to question Plaintiff.

Defendant also contends that, because it did not receive some of the medical records pertaining to Plaintiff, including those from her therapist Gary Kindley, until

April 13, 2016 – after the April 12, 2016 continuation of her deposition – Defendant should also be given the opportunity to address such records with Plaintiff.

Defendant explains that it hopes that an additional four hours of deposition time on the record with Plaintiff would allow Defendant to complete her deposition.

In reply, Plaintiff asserts that Defendant engaged in inefficient deposition strategy by choosing to ask endless questions about a 300-page stack of emails and texts bordering on the simplicity of "Is that what it says?" Plaintiff further contends that at no time did Plaintiff's counsel ever contemplate a deposition continuing for 10 or more hours as was requested by Defendant's counsel and that any offer to extend the duration of the deposition was done only to compensate for any time used by Plaintiff's counsel on the record, which was certainly less than 1 hour even including the entire telephonic conference with the undersigned.

Plaintiff further argues that, even though the deposition has now extended at least 1 hour and 10 minutes over Rule 30(d)(1)'s 7-hour limit, Defendant is attempting to continue the deposition to a third day, 2 days over Rule 30(d)(1)'s 1-day limit, and that, where Plaintiff suffers from Posttraumatic Stress Disorder, the Court can readily assess how the tedious and relentless questioning about whether a document says what it says unreasonably annoys, embarrasses, or oppresses her such that Plaintiff's deposition must be terminated pursuant to Rule 30(d)(3)(A) at the point that Defendant's counsel chose to decline an offer of an additional 30 minutes or more that would have approximated the 9-hour mark for total time deposed.

Plaintiff contends that asking for a third day of deposition testimony to continue a line of questioning that is not reasonably calculated to lead to the discovery of admissible evidence but merely asks Plaintiff if various documents say what they say "unreasonably annoys, embarrasses, or oppresses" Plaintiff and that, therefore, termination of the deposition is appropriate. Alternatively, Plaintiff asks the Court to limit the scope of the deposition pursuant to Rule 30(d)(1) and, specifically, to limit the duration of the continued deposition to no more than 45 minutes, to limit the scope of the scope of the questions to Plaintiff's alleged damages, and to end the current line of questions regarding emails and texts.

## Legal Standards and Analysis

I.     <u>Termination of Deposition</u>

Federal Rule of Civil Procedure 30(d)(1) provides that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours" but that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." FED. R. CIV. P. 30(d)(1). As other courts have noted, and as the parties' calculations of the time in deposition reflects here, "the 2000 Advisory Committee notes to Rule 30(d) clearly state that only the time taken for the actual deposition, not breaks, counts toward the 7 hours." *Condit v. Dunne*, 225 F.R.D. 100, 112 (S.D.N.Y. 2004). And, under Rule 30(d)(1), the Court may extend the limits on depositions for good cause. *See* FED. R. CIV. P. 30(d)(1); *Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012).

Federal Rule of Civil Procedure 30(d)(3)(A) provides: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." FED. R. CIV. P. 30(d)(3)(A). "The only ground for [a Rule 30(d)(3)] motion to limit or terminate the deposition is that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Mayberry v. Wal-Mart La., LLC*, Civ. A. No. 14-cv-478, 2015 WL 420284, at *3 (W.D. La. Jan. 29, 2015).

Under Federal Rule of Civil Procedure 30(d)(3)(B), "[t]he court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending." FED. R. CIV. P. 30(d)(3)(A).

Rule 30(d)(3)(A) expressly limits the timing for a motion under Rule 30(d) to being made during a deposition. *See generally Mashiri v. Ocwen Loan Servicing, LLC*, No. 12cv2838-L (MDD), 2014 WL 4608718, at *2 (S.D. Cal. Sept. 15, 2014) ("If counsel for Plaintiff believed that counsel for Defendant was asking the same question repeatedly in bad faith or to unreasonably annoy, embarrass or oppress Plaintiff, counsel's option was to move to terminate or limit the deposition under Rule 30(d)(3). Plaintiff's current motion to terminate the deposition is untimely for that purpose as

Rule 30(d)(3) requires the motion be made during the deposition."). But Defendant does not contend that the Rule 30(d)(3) motion is untimely, presumably because, in Defendant's view, Plaintiff's deposition is still not complete. *See* Dkt. No. 40-1.

Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2). "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule." *Howell v. Avante Servs., LLC*, Civ. A. No. 12-293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (internal quotation marks omitted). "Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, Civ. A. Nos. 11-2715 & 12-0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013) (citing cases). "The broad scope of appropriate sanctions under Rule 30(d)(2) includes, where appropriate, an award of expenses associated with a deposition's continuation that is necessitated by a [person's] conduct that impedes, delays, or frustrates the fair examination of the deponent." *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2014 WL 4375669, at *5 (N.D. Tex. Sept. 4, 2014).

Plaintiff bears the burden of showing grounds under Rule 30(d)(3) to terminate her deposition, but Defendants bears the burden of showing good cause under Rule

30(d)(1) to extend the limits of a deposition beyond 1 day of 7 hours and bears the burden on any Rule 30(d)(2) motion that it makes. *See Kleppinger*, 283 F.R.D. at 333.

Plaintiff has not made a sufficient showing – even crediting and taking into consideration her diagnosis of Posttraumatic Stress Disorder – that Defendant's questioning of her regarding her own email and text communications demonstrates that Defendant's questioning is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses Plaintiff. Likewise, merely exceeding Rule 30(d)(1)'s 1-day, 7-hour limit does not itself satisfy Rule 30(d)(3)(A)'s standards. *See generally Caplan v. Fellheimer Eichen Braverman & Kaskey*, 161 F.R.D. 29, 31 (E.D. Pa. 1995).

And the Court finds that Defendant has shown good cause to exceed Rule 30(d)(1)'s limits based on newly produced documents and the volume of relevant documents that Defendant reasonably may, in light of the core allegations in this case, cover with Plaintiff. As another court has found in this context, here, "[i]t does not appear to the Court that [Defendants'] proposed areas of questioning will be unreasonably cumulative or duplicative" or that this is "a case where Defendants have had ample opportunity to obtain the information, or where the burden or expense of taking Plaintiff's [continued] deposition outweighs its likely benefits." *Kleppinger*, 283 F.R.D. at 336.

Accordingly, the Court ORDERS that Defendants may have 3 additional hours of time under Rule 30(d)(1) to fairly examine Plaintiff on topics relevant to the claims and defenses in this case. This continued deposition should take place as soon as

possible and no later than **March 13, 2016** unless the Court issues a separate order extending the discovery deadline in this case.

## II.   Requests for Award of Expenses

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Rule 37(a)(5)(B)-(C) further provide in pertinent part that, "[i]f the motion is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

Rule 30(d)(3)(C) provides that "Rule 37(a)(5) applies to the award of expenses" on a Rule 30(d)(3) motion. FED. R. CIV. P. 30(d)(3)(C). And, as noted above, Rule 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2).

Under Rules 30(d)(2), 30(d)(3)(C), and 37(a)(5), the Court determines that, under all of the circumstances presented here, the parties should bear their own expenses, including attorneys' fees, in connection with this motion.

### Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Terminate Deposition of Plaintiff [Dkt. No. 40].

SO ORDERED.

DATED: May 6, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE